IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 06-203-01 |
| | : | |
| EDWARD STERN | : | |

**ORDER**

AND NOW, this 26th day of January, 2017, upon consideration of Defendant Edward Stern's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and the Government's response thereto, it is ORDERED the Motion (Document 228) is DENIED.[1]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] Stern asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. The Government opposes Stern's request, asserting his sentence is not eligible for a reduction under Amendment 782 because his Guidelines range was determined pursuant to the career offender provision, U.S.S.G. § 4B1.1, which is not affected by the Amendment. Indeed, Amendment 782, retroactively applied, reduces "offense levels by two levels for most drug quantities under U.S.S.G. § 2D1.1." *United States v. Tolendano*, 643 F. App'x 147, 147 n.4 (3d Cir. 206) (citing U.S.S.G. App. C., Amendment 782 and U.S.S.G. § 1B1.10(d), (e)(1)). The amendment therefore "does not have the effect of lowering the defendant's guideline range." U.S.S.G. § 1B1.10(a)(2)(B). For the reasons set forth in the Government's response, Stern's request to reduce his sentence is denied. Stern's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 remains pending, and may provide him with relief.