IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 06-203-1 |
| v. | : | |
| | : | CIVIL ACTION |
| EDWARD STERN | : | No. 16-583 |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                 **May 4, 2023**

Petitioner Edward Stern moves to correct his sentence of 365 months' imprisonment pursuant to 28 U.S.C. § 2255. At sentencing, Stern received a career offender enhancement under the advisory United States Sentencing Guidelines (the "Guidelines") based on his prior convictions for aggravated assault and distribution of heroin and cocaine. Stern argues he no longer qualifies as a career offender after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Because the Supreme Court's later decision in *Beckles v. United States*, 580 U.S. 256 (2017), forecloses Stern's argument, his claim is both time-barred and non-cognizable under § 2255. Therefore, Stern is not entitled to relief, and his motion will be denied without an evidentiary hearing.

**BACKGROUND**

On October 6, 2010, Edward Stern pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); one count of possession of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Guilty Plea Agreement ¶ 1, ECF No. 156. The Presentence Investigation Report (PSR) designated Stern as a "career offender" under the advisory Sentencing Guidelines.

The version of the Guidelines in effect when Stern was sentenced provided:

1

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).[1] Stern was over eighteen years of age when he committed the offenses to which he pled guilty in this case. And his offenses of conviction included two controlled substance offenses: conspiracy to distribute five kilograms or more of cocaine, and possession of cocaine and marijuana. As to the third requirement—two prior felony convictions for either a crime of violence or a controlled substance offense—the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). And the Guidelines defined a "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). According to the PSR, Stern had a 1999 felony conviction for aggravated assault (a crime of violence) and a 1995 felony conviction for distribution of heroin and cocaine (a controlled substance offense).[2] The PSR thus applied the career offender enhancement. Without

---

[1] With one exception not relevant here, sentencing courts apply the Guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). In this case, the 2010 edition of the Guidelines applies.

[2] Stern appears to believe he was classified as a career offender based on (1) the aggravated assault conviction and (2) a 1996 conviction for simple assault, insofar as he argues the simple assault conviction is not a crime of violence for enhancement purposes. *See* Pet. 4, 7, ECF No. 233.

the enhancement, Stern's advisory Guidelines range would have been 235 to 293 months' imprisonment. But with it, the Guidelines range was 262 to 327 months' imprisonment.

Though defense counsel argued against the application of the career offender enhancement at sentencing, the Court adopted the PSR without change. After considering the statutory maximum sentences, the advisory Guidelines range, and the factors set forth in 18 U.S.C. § 3553(a), the Court found the sentence suggested by the Guidelines failed to provide just punishment, adequately deter criminal conduct, or protect the public. Accordingly, on February 24, 2011, the Court imposed an upward variance and sentenced Stern to 365 months on count 1, 240 months on count 2, and 120 months on the final count, all to run concurrently. J. 3, ECF No. 183.

On January 28, 2016, Stern filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, citing the Supreme Court's decision in *Johnson*. ECF No. 233. The Court deferred consideration of the motion under an Administrative Standing Order governing motions seeking *Johnson* relief. Order Feb. 11, 2016, ECF No. 234. The Court later stayed the motion at the Government's request and pursuant to another Administrative Order. Order June 12, 2017, ECF No. 257. This matter is now ripe for review.

**STANDARD OF REVIEW**

> Under § 2255, a petitioner:
>
> may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack[.]"

---

However, the controlled substance offense is the relevant prior conviction. This mistake does not impact the Court's analysis.

3

*United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020) (quoting 28 U.S.C. § 2255(a)) (alteration in original). Section 2255 "afford[s] federal prisoners a remedy identical in scope to federal habeas corpus [under 28 U.S.C. § 2254]." *Davis v. United States*, 417 U.S. 333, 343 (1974). In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). And the court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* Finally, because Stern brings this motion pro se, his pleadings are construed liberally.[3] *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (abrogated on other grounds).

**DISCUSSION**

Stern filed this petition asking the Court to resentence him without the career offender enhancement after the *Johnson* decision. *See generally* Pet., ECF No 233. In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act was unconstitutionally vague and violated due process.[4] 576 U.S. at 597. Because the Guidelines contain an identical clause, Stern claims his career offender enhancement was unconstitutional. Relying on the categorical approach, *see Taylor v. United States*, 495 U.S. 575 (1990), he then argues his assault convictions are not

---

[3] Stern cites 28 U.S.C. § 2244, which applies to second or successive habeas petitions. This is Stern's first petition, so § 2244 does not apply. Stern also cites the actual innocence exception set out in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), but he is not raising an actual innocence claim.

[4] The Act defined a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (residual clause in italics).

4

crimes of violence under the remaining clauses of the Guidelines. Pet. 5-8, ECF No. 233. Because the Supreme Court held in 2018 that *Johnson*'s holding does not apply to the residual clause of the advisory Guidelines, Stern's argument is foreclosed. *See Beckles*, 580 U.S. at 267. As explained below, his petition is thus untimely and non-cognizable, so the motion will be denied.

Stern's petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, which imposes a one-year limitations period on applications for writs of habeas corpus. 28 U.S.C. § 2255(f). The limitations period begins on the latest of (1) the date the judgment of conviction became final, (2) the date a state-created impediment was removed, (3) the date the Supreme Court recognized a new and retroactive constitutional right, or (4) the date the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2255(f)(1)-(4). Stern brings this habeas petition under § 2255(f)(3), claiming *Johnson* created a new constitutional right. Pet. 4, ECF No. 233.

On March 6, 2017, however, the Supreme Court closed the door to this argument. *See Beckles*, 580 U.S. 256. Relying on *Johnson*, the appellant in *Beckles* challenged the advisory Guidelines' residual clause as unconstitutionally vague. *Id.* at 259. The Supreme Court rejected this argument, as "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 263. The Court further explained the Guidelines "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 265. The Supreme Court thus held the residual clause in the advisory Sentencing Guidelines is not void for vagueness. *Id.* at 263.

*Beckles* controls because Stern's career offender enhancement was applied pursuant to the advisory Guidelines, not the Armed Career Criminal Act. As such, *Johnson* does not provide a

"newly recognized" constitutional right which applies to Stern's sentence. 28 U.S.C. § 2255(f)(3); *accord United States v. Green*, 898 F.3d 315, 316 (3d Cir. 2018) (holding *Johnson* did not constitute a newly recognized right for Guidelines purposes, and so the appellant's § 2255 motion challenging application of the residual clause in the mandatory Guidelines was time-barred). There was no state-created impediment to filing a habeas petition in this case. *See* 28 U.S.C. § 2255(f)(2). And there is no new factual predicate for Stern's petition. *See* 28 U.S.C. § 2255(f)(4). The federal limitations period therefore began accruing when Stern's judgment of conviction became final on February 24, 2011. 28 U.S.C. § 2255(f)(1). Stern's petition, filed on January 28, 2016, is time-barred.

Finally, even if Stern's petition was not time-barred, his claim is not cognizable. *See Folk*, 954 F.3d at 609. A court may consider a petition under 28 U.S.C. § 2255(a) if: "(1) 'the sentence was imposed in violation of the Constitution or laws of the United States'; (2) the court lacked 'jurisdiction to impose' the sentence; (3) the sentence exceeded 'the maximum authorized by law'; or (4) the sentence is 'otherwise subject to collateral attack[.]'" *Id.* at 601 (quoting 28 U.S.C. § 2255(a)) (alteration in original). Because of the *Beckles* decision, Stern does not have a constitutional claim. He does not assert this Court lacked jurisdiction to sentence him, or that his sentence exceeds the statutory maximum.[5] As to collateral attack, the Third Circuit has expressly held that "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." *Id.* at 604.

---

[5] The statutory maximum term of imprisonment for Count One, conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), is life imprisonment.

Accordingly, Stern's motion under 28 U.S.C. § 2255 will be denied. Because the record conclusively shows Stern is not entitled to relief, no evidentiary hearing is required. *See Forte*, 865 F.2d at 62. Further, the Court cannot find that Stern has made the requisite substantial showing of the denial of a constitutional right, nor has he demonstrated that jurists of reason would find this conclusion or the correctness of the Court's procedural findings to be debatable. There is thus no basis to issue a Certificate of Appealability. *See generally*, 28 U.S.C. § 2253; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.